IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LAVERNE SHEPPARD, MICHELLE HALL, EBRIMA DARBOE, individually and on behalf of all other persons similarly situated,<br><br>Plaintiffs,<br><br>- against -<br><br>VARIANT EQUITY ADVISORS, LLC, FARHAAD CHANDUWADIA, THOMAS FITZGERALD, LAWRENCE HIRSH, ROSS KINNEAR BRENT RAINEY, JOHN CROWLEY, and DERRICK WATERS<br><br>Defendants. | Civil No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Named Plaintiffs Laverne Sheppard, Michelle Hall, and Ebrima Darboe ("Named Plaintiffs") on behalf of themselves and a putative class of similarly situated individuals, by their attorneys, Virginia & Ambinder, LLP, for this Complaint against Defendants Variant Equity Advisors, LLC ("Variant"), Farhaad Chanduwadia ("Chanduwadia"), Thomas FitzGerald ("FitzGerald"), Lawrence Hirsh ("Hirsh"), Ross Kinnear ("Kinnear"), Brent Rainey ("Rainey"), John Crowley ("Crowley"), and Derrick Waters ("Waters') (together "Defendants"), allege upon knowledge as to themselves and upon information and belief as to all other matters as follows:

**PRELIMINARY STATEMENT**

1. Named Plaintiffs commenced this action to recover for violations of the federal Worker Adjustment and Restraining Notification Act, 29 U.S.C.§ 2101 *et seq.* (the "Federal WARN Act") and the New Jersey Worker Adjustment and Retraining Notification Act, codified at N.J.S.A. § 34:21-1 *et seq.* ("the NJ WARN Act") on behalf of themselves and a class of similarly situated persons who worked for Defendants and had their employment terminated as a result of Defendants' mass layoffs, termination of operations, and/or plant closures, or whose employment

1

was terminated as the reasonably foreseeable consequence of the mass layoffs, termination of operations, and/or plant closures ordered by Defendants (the "Putative Class" or "Putative Class Members") (Named Plaintiffs and the Putative Class referred to together as "Plaintiffs").

## PARTIES

2. Named Plaintiffs Laverne Sheppard is a former employee of Defendants who resides in New Jersey.

3. Named Plaintiffs Michelle Hall is a former employee of Defendants who resides in New Jersey.

4. Named Plaintiffs Ebrima Darboe is a former employee of Defendants who resides in New Jersey.

5. Defendant Variant Equity Advisors, LLC, is a foreign business corporation incorporated in the state of Delaware, and authorized to conduct business in the State of New Jersey, with a principal place of business located at 1880 Century Park East, Suite 825, Los Angeles, CA 90067.

6. Upon information and belief, Defendant Farhaad Chanduwadia is a natural person and a resident of the State of California.

7. Upon information and belief, Defendant Thomas FitzGerald is a natural person and a resident of the State of California.

8. Upon information and belief, Defendant Lawrence Hirsh is a natural person and a resident of the State of California.

9. Upon information and belief, Defendant Ross Kinnear is a natural person and a resident of the State of California.

10. Upon information and belief, Defendant Brent Rainey is a natural person and a resident of the State of California.

11. Upon information and belief, Defendant John Crowley is a natural person and a resident of the State of California.

12. Upon information and belief, Defendant Derrick Waters is a natural person and a resident of the State of New Jersey.

13. Upon information and belief, Defendants are a single integrated enterprise and/or joint employer in that they share a common business purpose and ownership, maintain common control, oversight and direction over the operations of the work performed by Plaintiffs, including payroll, hiring, and firing practices.

14. Upon information and belief, each Defendant has had substantial control of Plaintiffs' working conditions and over the unlawful policies and practices alleged herein.

15. Plaintiffs had been employed by Coach USA, Inc.

16. At all relevant times, Coach USA, Inc. was wholly owned by Variant.

17. Upon information and belief, at all relevant times, Chanduwadia, FitzGerald, Hirsh, Kinnear, Brent Rainey, Crowley, and Waters were owners, officers, principals, shareholders, and/or directors of Variant.

18. Upon information and belief, at all relevant times, Chanduwadia, FitzGerald, Hirsh, Kinnear, Brent Rainey, Crowley, and Waters were owners, officers, principals, shareholders, and/or directors of Coach USA.

19. At all relevant times, Named Plaintiffs and the Putative Class Members were employees of Defendants within the protections of the Federal WARN Act and the NJ WARN Act.

20. At all relevant times, Defendants were "employer[s]" subject to the Federal WARN ACT and the NJ WARN Act.

21. Plaintiffs request a jury trial for all issues so triable.

## JURISDICTION AND VENUE

22. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337.

23. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 because Plaintiffs' NJ WARN Act claims arise out of the same nucleus of operative facts as Plaintiffs' Federal WARN Act claims.

24. This Court has diversity jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000 and Named Plaintiffs and Defendants are citizens of different states.

25. The Court has diversity jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1332(d) as at least one member of the putative class is a citizen of a different State from at least one defendant, and the amount in controversy exceeds $5,000,000.00, exclusive of interest and costs.

26. Pursuant to 28 U.S.C. § 1391, venue in this district is proper because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District.

## CLASS ALLEGATIONS

27. This action is properly maintainable as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

28. This action is brought on behalf of Named Plaintiffs and the Putative Class consisting of each and every person who worked for Defendants and had their employment terminated as a result of Defendants' mass layoffs, termination of operations, and/or plant closure or whose employment was terminated as the reasonably foreseeable consequence of the mass layoffs, termination of operations, and/or plant closure ordered by Defendants (the "Putative Class" or "Putative Class Members").

29. The Putative Class is so numerous that joinder of all members is impracticable. The size of the Putative Class is believed to be in excess of 40 individuals. In addition, the names of all Putative Class Members are not known.

30. The questions of law and fact common to the Putative Class predominate over any questions affecting only individual members. These questions include, but are not limited to: (1) whether Putative Class Members are entitled to the protection of the NJ WARN Act and federal WARN Act; (2) whether Putative Class members were employees of Defendants; (3) whether Putative Class Members' employment was terminated due to mass layoffs, termination of operations, and/or plant closure; (4) whether Defendants failed to provide at least sixty (60) days' prior written notice to Putative Class Members regarding the termination of their employment as required by the federal WARN Act; (5) whether Defendants failed to provide at least sixty (60) days' prior written notice to Putative Class Members regarding the termination of their employment as required by the New Jersey WARN Act; (6) whether Defendants failed to pay Putative Class Members wages and to provide other employee benefits following their loss of employment; and (7) any issues or arguments that Defendants may raise as affirmative defenses.

31. The claims of Named Plaintiffs are typical of the claims of the Putative Class because they are all former employees of Defendants who experienced loss of employment without at least sixty (60) days' prior written notice of their termination under Federal law and at least ninety (90) days' prior written notice under New Jersey law, and sustained damages, including the non-payment of compensation, including but not limited to wages and other employee benefits, for a 60-day period following their respective employment losses. Named Plaintiffs and Putative Class Members have thus sustained similar injuries as a result of Defendants' actions.

32. The defenses that Defendants are likely to assert against Named Plaintiffs' claims are typical of the defenses that Defendants are likely to assert against the claims of the Putative Class.

33. Named Plaintiffs and their counsel will fairly and adequately protect the interests of the Putative Class.

34. Named Plaintiffs have retained counsel experienced in complex wage and hour litigation.

35. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

36. Named Plaintiffs and the individual Putative Class Members lack the financial resources to adequately prosecute separate lawsuits against Defendants. A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to Defendants' unlawful policies.

## STATEMENT OF FACTS

37. Named Plaintiff Sheppard was employed by Defendants at Coach USA as bus driver from approximately March 2002 until on or about August 16, 2024.

38. Named Plaintiff Hall was employed by Defendants at Coach USA as bus driver from approximately June 1986 until on or about August 16, 2024.

39. Named Plaintiff Darboe was employed by Defendants at Coach USA as bus driver from approximately 2015 until on or about August 16, 2024.

40. Named Plaintiffs performed most of their work in the state of New Jersey.

41. In or about August 2024, Defendants carried out a termination of operations and/or mass layoff that resulted in the loss of employment for at least 33% of its workforce and at least 50 full-time employees, not including part-time employees.

42. In or about August 2024, Defendants carried out a termination of operations and/or mass layoff that resulted in the loss of employment for at least 33% of its workforce and at least 50 full-time employees, not including part-time employees.

43. The reduction in workforce was not made necessary because of a fire, flood, natural disaster, national emergency, act of war, civil disorder or industrial sabotage, decertification from participation in the Medicare and Medicaid programs as provided under Titles XVIII and XIX of the federal Social Security Act, Pub.L. 74-271 (42 U.S.C. s.1395 et seq.), or license revocation pursuant to P.L.1971, c.136 (C.26:2H-1 et al.).

44. Named Plaintiffs' employment with Defendants was terminated in or about August 2024 as part of this "mass layoff" and/or "termination of operations" as defined by the NJ WARN Act and "mass layoff" and/or "plant closing" as defined by the Federal Warn Act, for which they were entitled to receive advance written notice under the NJ WARN Act and Federal WARN Act from Defendants.

45. The termination of Named Plaintiffs' employment was not the result of discharge or suspension for misconduct, voluntary departure, or retirement.

46. Defendants did not commit to reinstate Named Plaintiffs to their previous employment within six months of the layoff.

47. Named Plaintiffs did not receive written notice that complied with Federal WARN Act at least sixty (60) days in advance of the termination of their employment, nor did they receive as much notice as practicable under the circumstances.

48. Named Plaintiffs did not receive written notice that complied with New Jersey WARN Act at least ninety (90) days in advance of the termination of their employment, nor did they receive as much notice as practicable under the circumstances.

49. Like Named Plaintiffs, Putative Class Members' employment with Defendants was terminated approximately August 2024 as part of this "mass layoff" and/or "termination of operations" as defined by the NJ WARN Act and "mass layoff" and/or "plant closing" as defined by the Federal Warn Act, for which they were entitled to receive advance written notice under the NJ WARN Act and Federal WARN Act from Defendants.

50. Like Named Plaintiffs, the termination of Putative Class Members' employment was not the result of discharge or suspension for misconduct, voluntary departure, or retirement.

51. Defendants did not commit to reinstate Putative Class Members to their previous employment within six months of the layoff.

52. Like Named Plaintiffs, Putative Class Members did not receive written notice that complied with the Federal WARN Act at least sixty (60) days in advance of the termination of their employment, nor did they receive as much notice as practicable under the circumstances.

53. Like Named Plaintiffs, Putative Class Members did not receive written notice that complied with the New Jersey WARN Act at least ninety (90) days in advance of the termination of their employment, nor did they receive as much notice as practicable under the circumstances

54. Defendants failed to pay Named Plaintiffs and the Putative Class Members severance pay equal to one week of pay for each full year of employment, which shall be paid at the average regular rate of compensation received during the employee's last three years of employment with the employer or the final regular rate of compensation paid to the employee, whichever rate is higher.

55. Defendants failed to pay Named Plaintiffs and the Putative Class Members all compensation due, including but not limited to their respective wages, salary, commission, bonuses, benefits, accrued holiday pay and accrued vacation pay following their respective terminations.

56. Defendants are liable to Named Plaintiffs and the Putative Class Members for backpay and benefits for each day of the violation up to a maximum of sixty (60) days, as well as reasonable attorneys' fees and costs.

57. Upon information and belief, Defendants' misconduct was willful.

### FIRST CAUSE OF ACTION
### (NJ WARN Act – N.J. Stat. § 34:21-1 et seq.)

58. The preceding paragraphs are incorporated by reference as if fully set forth herein.

59. At all relevant times, Defendants constitute "employer[s]" under the NJ WARN Act as defined in N.J. Stat. § 34:21-1 *et seq*.

60. Upon information and belief, at all relevant times, Defendants employed 100 or more employees, excluding part-time employees.

61. Defendants continued to operate as a business until they carried out a mass layoff and/or termination of operations as defined by N.J. Stat. § 34:21-1 in approximately August 2024.

62. Due to Defendants' mass layoffs and/or termination of operations, Named Plaintiffs' employment was terminated, as defined by N.J. Stat. § 34:21-1 in that they were laid off for reasons other than a discharge for cause, voluntary departure, or retirement.

63. Like Named Plaintiff, due to Defendants' mass layoffs and/or termination of operations, Putative Class Members' employment was terminated as defined by N.J. Stat. § 34:21-1 in that they were laid off for reasons other than a discharge for cause, voluntary departure, or retirement.

64. Named Plaintiffs and Putative Class Members constitute employees subject to the NJ WARN Act within the meaning of N.J. Stat. § 34:21-1.

65. Defendants violated the NJ WARN Act by failing to provide at least ninety (90) days' written notice in compliance with the requirements of the NJ WARN Act, N.J. Stat. § 34:21-

2(a) *et seq.*, to Named Plaintiffs and the Putative Class prior to the termination of their employment.

66. Plaintiffs and all similarly situated individuals working for Defendants within the State of New Jersey were damaged by Defendants' violation of the law.

## SECOND CAUSE OF ACTION
### (Federal WARN Act – 29 U.S.C.§ 2101 et seq.)

67. The preceding paragraphs are incorporated by reference as if fully set forth herein.

68. At all relevant times, Defendants constitute "employer[s]" under the Federal WARN Act as defined by 29 U.S.C. § 2101(a)(1).

69. Upon information and belief, at all relevant times, Defendants employed 100 or more employees, excluding part-time employees and/or 100 or more employees who in the aggregate work at least 4,000 hours per week (exclusive of hours of overtime).

70. Defendants continued to operate as a business until they carried out a mass layoff and/or plant closing as defined by 29 U.S.C. § 2101(a)(2) and (3) in approximately August 2024.

71. Due to Defendants' mass layoffs and/or plant closing, Named Plaintiffs' employment was terminated, as defined by 29 U.S.C. § 2101 in that they were laid off for reasons other than a discharge for cause, voluntary departure, or retirement.

72. Like Named Plaintiff, due to Defendants' mass layoffs and/or plant closing, Putative Class Members' employment was terminated as defined by 29 U.S.C. § 2101 in that they were laid off for reasons other than a discharge for cause, voluntary departure, or retirement.

73. At all relevant times, Named Plaintiffs and the Putative Class Members are "affected employees" as defined by 29 U.S.C. § 2101(a)(5) in that they were employees who were reasonably expected to experience an employment loss as a consequence of a proposed closing or mass layoff by Defendants.

74. Named Plaintiffs and Putative Class Members constitute employees subject to the Federal WARN Act within the meaning of 29 U.S.C. § 2101 *et seq*.

75. Defendants violated the Federal WARN Act by failing to provide at least sixty (60) days' written notice in compliance with the requirements of the Federal WARN Act to Named Plaintiffs and the Putative Class prior to the termination of their employment.

76. Plaintiffs and all similarly situated individuals working for Defendants were damaged by Defendants' violation of the law.

**WHEREFORE**, Named Plaintiffs and Putative Class Members demand trial by jury and judgement against the Defendants as follows:

(1) on their first cause of action against Defendants, Plaintiffs seek all statutory damages permitted under the under the New Jersey Statutes, accompanying regulations, all other applicable statutes, plus interest, attorney's fees and costs;

(2) on their second cause of action against Defendants, Plaintiffs seek all statutory damages permitted under the under the United States Code, accompanying regulations, all other applicable statutes, plus interest, attorney's fees and costs;

(3) An award of damages in favor of Named Plaintiffs and each Putative Class Member against Defendants equal to the sum of (a) wages, salary, commissions, bonuses, accrued pay for vacation and personal days, for sixty (60) days; (b) pension, 401(k) contributions, health and medical insurance and other fringe benefits for sixty (60) days; and (c) medical expenses incurred during the sixty (60) day period following their respective terminations that would have been covered and paid under the Defendants' health insurance plans had coverage under that plan continued for such period, and (d) severance pay equal to one week of pay for each full year of employment, all determined in accordance with the Federal WARN Act and the NJ

    WARN Act;

(4) Pre-judgment and post-judgment interest;

(5) Reasonable attorneys' fees and costs of this action; and

(6) Such other and further relief the Court deems just and proper.

Dated: New York, New York
   August 27, 2024

**VIRGINIA & AMBINDER, LLP**

By: /s/ Lloyd R. Ambinder
 Lloyd R. Ambinder, Esq.
 James E. Murphy, Esq.
 Jenny S. Brejt, Esq.
 40 Broad Street, 7th Floor
 New York, New York 10004
 Tel.: 212-943-9080
 lambinder@vandallp.com

*Attorneys for Named Plaintiffs
and the Putative Class*